# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>AZIZ HASSAN BEY, LETEZ OSIRIS BEY, MINISTER ZAKAR ALI, and DIVINE-SEVEN EL,<br><br>         Defendants. | Case No. 22-CR-169-JPS<br><br>**ORDER** |

**1. PROCEDURAL BACKGROUND**

Defendants Aziz Hassan Bey ("Aziz Bey"), Letez Osiris Bey ("Letez Bey"), and Minister Zakar Ali ("Ali") (together, "Moving Defendants"), along with Defendant Divine-Seven El ("El") (with Moving Defendants, "Defendants"), are charged in an eighteen-count Indictment with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count One), ECF No. 1 at 5–7, and wire fraud in violation of 18 U.S.C. §§ 1343, 2(a), and 2(b) (Counts Two Through Eight), ECF No. 1 at 8–9. Moving Defendants are charged with mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 2(a), and 2(b) and 18 U.S.C. §§ 1343, 2(a), and 2(b) (Counts Nine through Eleven). ECF No. 1 at 10–11. Aziz Bey, Ali, and El are charged with mail fraud in violation of 18 U.S.C. §§ 1341 and 2(a) (Counts Twelve through Fourteen). ECF No. 1 at 12–13. Finally, Aziz Bey and El are charged with unlawful monetary transactions in violation of 18 U.S.C. §§ 1957 and 2(a) (Counts Fifteen through Eighteen). ECF No. 1 at 14.

On April 5, 2023, Ali filed a motion to dismiss the counts of the Indictment against him. ECF No. 56. On April 12, 2023, Aziz Bey and Letez

Bey each filed a motion to dismiss the counts of the Indictment against them. ECF Nos. 61, 62. On April 24, 2023 and April 25, 2023, respectively, Aziz Bey and Letez Bey each filed an amended motion to dismiss the counts of the Indictment against them. ECF Nos. 67, 68.[1]

On July 18, 2023, Magistrate Judge Nancy Joseph issued a Report and Recommendation recommending that each of the motions to dismiss be denied (the "R&R"). ECF No. 82. On July 28, 2023, during the fourteen-day objections period, Moving Defendants each filed a motion to withdraw their motions (or amended motions if applicable) to dismiss. ECF Nos. 83, 85, 86.

The period in which to file an objection to the R&R has now closed. ECF No. 82 at 9 (citing, inter alia, General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B), Fed. R. Crim P. 59(b)). No objections have been filed. The Court will deny Moving Defendants' motions to withdraw their motions to dismiss, ECF Nos. 83, 85, 86, and will review the R&R on its merits. Doing so preserves the "important social policy and . . . . goals" underlying "[t]he pretrial motions requirement embodied in Rule 12." *United States v. Salahuddin*, 509 F.3d 858, 862 (7th Cir. 2007) (internal citation omitted). For the reasons set forth below, the Court will adopt Magistrate Judge Joseph's R&R, ECF No. 82, and will deny each of the above-listed motions to dismiss, ECF Nos. 56, 61, 62, 67, 68.

**2.  LEGAL STANDARD**

When reviewing a magistrate's recommendation, the Court is obliged to analyze de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28

---

[1] El did not file any pretrial motions.

U.S.C. § 636(b)(1)(C). However, "[t]he district judge has jurisdiction over the case at all times[,]" and the parties' lack of objection "does not preclude further review by the district judge, *sua sponte*[,]. . . under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court's review encompasses both the magistrate's legal analysis and factual findings. *See id.*; *see also* Fed. R. Crim. P. 59(b).

3.  **FACTUAL BACKGROUND**

The Court adopts the facts stated in the R&R, ECF No. 82 at 2–3, and briefly summarizes those facts here, with additional citations to the Indictment.

Aziz Bey is the director and registered agent of the Consulate of Al Maroc (the "Consulate"), which was incorporated in the State of Wisconsin on or about August 23, 2018. ECF No. 1 at 2. Ali, Letez Bey, and El are listed as the resident agent or officers of the Consulate in other states where it is incorporated. *Id.* The Consulate is not registered with the U.S. Department of State or recognized as a foreign mission in the United States. *Id.*

The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted in or around March 2020 to provide emergency financial assistance to those suffering from the economic effects caused by the COVID-19 pandemic. ECF No. 1 at 2. The CARES Act authorized forgivable loans through the Paycheck Protection Program ("PPP") and the Economic Injury Disaster Loan ("EIDL") to eligible small businesses. *Id.* The PPP loan application required businesses to acknowledge program rules and make affirmative certifications to obtain a PPP loan. *Id.* The EIDL application had similar requirements, such as provision of the number of employees, gross

revenues, and cost of goods sold during the twelve-month period prior to the pandemic. *Id.* at 3. Any funds issued under PPP or EIDL were to be used on business obligations, such as payroll, mortgage payments, and the like. *Id.* at 2–3.

The Indictment charges that from in or around June 2020 through July 2021, Defendants conspired to obtain PPP loans and EIDLs under false and misleading pretenses using interstate wire communications. *Id.* at 5. Specifically, it charges that Defendants knowingly submitted and caused to be submitted numerous EIDL and PPP loan applications containing materially false representations that were capable of influencing and did influence lenders' decisions to provide relief funds. *Id.* at 5–6. Those representations included that applicant entities were functional and operational businesses, that the loan proceeds would be used on covered expenses, and false descriptions of employees, expenses, revenues, and costs of goods sold. *Id.* at 5. The applications also included falsified Internal Revenue Service forms. *Id.* at 6. In fact, none of the represented businesses had paid wages or filed tax returns in the time immediately preceding the COVID-19 pandemic. *Id.* Defendants transferred the funds they received to each other and others associated with the Consulate. *Id.*

Unemployment insurance ("UI") was a joint state and federal program that was expanded in or around March 2020 in response to the COVID-19 pandemic. *Id.* at 3. Applicants for UI applied online to state workforce agencies and had to provide certain certifications, such as that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work. *Id.*

The Indictment charges that from in or around May 2020 through July 2021, Moving Defendants submitted false and fraudulent applications

and claims for UI from the states of Georgia and Wisconsin. *Id.* at 10. Applications were submitted in the names of other individuals to the states of Illinois and California, and funds for those individuals were mailed from banks to the Consulate's Milwaukee address and addresses in Illinois used by Ali and the Consulate. *Id.* at 10–11.

The Indictment further charges that Aziz Bey, Ali, and El submitted materially false and misleading statements and omissions to the Wisconsin Department of Motor Vehicles ("DMV"), which led to the Wisconsin DMV issuing titles to Aziz Bey and the Consulate for multiple vehicles free and clear of any liens held by lenders. *Id.* at 12–13. After obtaining the vehicles, Aziz Bey, Ali, and El sold them to third parties or kept them for their own use without repaying loan amounts to the lenders. *Id.* at 13. Defendants transferred the proceeds to each other and others associated with the Consulate. *Id.*

Finally, the Indictment charges that Aziz Bey and El knowingly engaged in monetary transactions involving criminally derived property in values greater than $10,000. *Id.* at 14.

4. **ANALYSIS**

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "[A]n indictment is legally sufficient if it (1) states all the elements of the crime charged, (2) adequately informs the defendant of the nature of the charges against him, and (3) allows the defendant to assert the judgment as a bar to future prosecutions of the same offense." *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013) (citing *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000)). "[A]n indictment 'that "tracks" the words of a statute to state the elements of the crime is generally acceptable . . . .'" *Id.*

(quoting *United States v. White*, 610 F.3d 956, 958–59 (7th Cir. 2010)). In other words, an indictment "need not exhaustively recount the facts surrounding the crime's commission." *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997) (citing *United States v. Bates*, 96 F.3d 964, 970 (7th Cir. 1996)).

On a pretrial motion to dismiss, an indictment is "reviewed on its face"; a defendant may not use the motion to dismiss to challenge the sufficiency of the Government's proof or the strength or weakness of the government's case. *White*, 610 F.3d at 958 (citing *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988)); *see also United States v. Yasak*, 884 F.2d 996, 1001 (7th Cir. 1989) ("A motion to dismiss is not intended to be a 'summary trial of the evidence.'") (quoting *United States v. Winer*, 323 F. Supp. 604, 605 (E.D. Pa. 1971)).

Count One charges Moving Defendants with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. "[T]o support [a] conspiracy conviction, the Government [i]s required to prove that [the defendant] knew of the essential nature and scope of the charged conspiracy and that [the defendant] intended to participate in it." *United States v. Garten*, 777 F.3d 392, 399–400 (7th Cir. 2015) (quoting *United States v. Anderson*, 580 F.3d 639, 646 (7th Cir. 2009)). Moving Defendants argued before Magistrate Judge Joseph that the "intent to defraud element, which is needed for the United States to prove its case of wire fraud," is lacking. ECF No. 82 at 5; *see also* ECF No. 56 at 2; ECF No. 67 at 2; ECF No. 68 at 2.

The Court agrees with Magistrate Judge Joseph that the Indictment adequately pleads the conspiracy charge. ECF No. 82 at 5. "It is not necessary in a conspiracy indictment to allege with precision all the elements essential to the offense which is the object of a conspiracy; allegations clearly identifying the offense defendants conspired to commit

are sufficient." *United States v. Kahn*, 381 F.2d 824, 829 (7th Cir. 1967) (citing *Wong Tai v. United States*, 273 U.S. 77, 81 (1927)).

Count One charges that from in or around June 2020 through July 2021, Moving Defendants knowingly submitted EIDL and PPP loan applications with materially false representations, including IRS documents with false information, using interstate wire communications. ECF No. 1 at 5–6. Those representations included the false certification that the proceeds would be used on covered business expenses, when Moving Defendants "intended to and in fact used loan fund proceeds impermissibly for their personal benefit and shared proceeds among each other." *Id.* at 6. The Indictment lists multiple transactions taken in furtherance of the conspiracy, including the business name, type, owner, date the funds were received, and amount of funds received. *Id.* at 6–7. Thus, the Indictment sufficiently and clearly identifies, inter alia, the essential nature and scope of the conspiracy, that Moving Defendants knew of the essential nature and scope of the conspiracy, that Moving Defendants intended to participate in the conspiracy, and the wire fraud offense that Moving Defendants are charged with conspiring to commit.

Counts Two through Eight charge Moving Defendants with wire fraud in violation of 18 U.S.C. §§ 1343, 2(a), and 2(b). Counts Nine through Eleven charge Moving Defendants with mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 2(a), and 2(b) and §§ 1343, 2(a), and 2(b). Finally, Counts Twelve through Fourteen charge Aziz Bey and El with mail fraud in violation of 18 U.S.C. §§ 1341 and 2(a). "The elements of wire fraud under 18 U.S.C. § 1343 directly parallel those of the mail fraud statute, but require the use of an interstate telephone call or electronic communication made in furtherance of the scheme." *United States v. Leahy*, 464 F.3d 773, 786

(7th Cir. 2006) (quoting *United States v. Briscoe*, 65 F.3d 576, 583 (7th Cir. 1995)). "The requisite elements of these offenses, therefore, are three: (1) a scheme to defraud; (2) an intent to defraud; and (3) use of the mails or wires in furtherance of the scheme." *Id.* (citing *United States v. Henningsen*, 387 F.3d 585, 589 (7th Cir. 2004) and *United States v. Britton*, 289 F.3d 976, 981 (7th Cir. 2002)). Moving Defendants argued before Magistrate Judge Joseph that Counts Two through Eleven fail to allege use of the wires or mails in furtherance of the scheme. ECF No. 82 at 6.

Specifically as to Counts Two through Eight, Moving Defendants contended that the Indictment fails to track the statute by neglecting to include the language "to be transmitted by means of wire, radio, or television communication." ECF No. 82 at 6–7; *see also* ECF No. 56 at 3; ECF No. 67 at 3; ECF No. 68 at 3. The Court agrees with Magistrate Judge Joseph that the Indictment, which describes Moving Defendants' "Interstate Wire Transmission[s]" in a chart using this heading, and which proceeds to detail which form of wire transmission was used for each transaction (i.e., online submission, email, wire transfer), is sufficient. ECF No. 1 at 9. *See United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir. 2006) ("describing [the] wires that brought [the defendant] his final ill-gotten gains" sufficient to set forth the use of wires element).

Specifically as to Counts Nine through Eleven, Moving Defendants argued that the Indictment fails to track the statute by neglecting to include the language "places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service." ECF No. 82 at 8; *see also* ECF No. 56 at 3–4; ECF No. 67 at 4; ECF No. 68 at 4. Aziz Bey and Ali argue the same as to Counts Twelve through Fourteen. ECF No. 82 at 8; *see also* ECF No. 56 at 4; ECF No. 67 at 4.

The Court agrees with Magistrate Judge Joseph that the Indictment sufficiently states this element. ECF No. 82 at 8. Counts Nine through Eleven charge that UI funds were loaded onto debit cards that were mailed from banks to the Consulate's Milwaukee address and addresses in Illinois used by Ali and the Consulate. ECF No. 1 at 10–11. The Counts include a chart using the heading "Mailing and Interstate Wire Transmission," which details the manner in which the mails were used and a description of the items mailed. *Id.* at 11. Counts Twelve through Fourteen include a similar chart with the heading "Mailing" that describes the vehicle titles mailed by Aziz Bey and Ali in connection with the Wisconsin DMV scheme. *Id.* at 13. As with wire fraud, the use of the mails element is sufficiently stated where the indictment informs the defendants "of the manner in which the mails were used to further the scheme to defraud and the basic description of the materials mailed." *United States v. Serlin*, 538 F.2d 737, 745 (7th Cir. 1976), *disavowed on other grounds by United States v. Holzer*, 816 F.2d 304 (7th Cir. 1987).

Finally, Counts Fifteen through Eighteen charge Aziz Bey with unlawful monetary transactions in violation of 18 U.S.C. §§ 1957 and 2(a). Aziz Bey did not make any substantive argument to dismiss these counts before Magistrate Judge Joseph. ECF No. 82 at 9. Even if he had, the Indictment is sufficient as to these Counts as well. The elements of a § 1957 charge are that the defendant "(1) knowingly engaged or attempted to engage in a monetary transaction, (2) in criminally derived property, (3) of a value greater than $10,000, and (4) derived from specified unlawful activity." *United States v. Black*, 469 F. Supp. 2d 513, 538 (N.D. Ill. 2006) (citing *United States v. George*, 363 F.3d 666, 675 (7th Cir. 2004)). Counts Fifteen through Eighteen charge that Aziz Bey knowingly engaged in

monetary transactions involving funds ranging between $30,122 to $60,000 deposited to/from either his or El's accounts, which funds are criminally derived property from the conduct charged in the earlier Counts. ECF No. 1 at 14. Thus, for all these reasons, each Count of the Indictment is sufficiently stated, Magistrate Judge Joseph's R&R will be adopted in full, and Moving Defendants' motions to dismiss will be denied.

5.  **CONCLUSION**

For the reasons earlier described, the Court denies Moving Defendants' motions to withdraw their motions (or amended motions if applicable) to dismiss. ECF Nos. 83, 85, 86. Therefore, and based on the foregoing, the Court finds it appropriate to adopt in full Magistrate Judge Joseph's R&R and deny each of the following: (1) Ali's April 5, 2023 motion to dismiss the counts of the Indictment against him, ECF No. 56; (2) Aziz Bey's April 12, 2023 motion to dismiss the counts of the Indictment against him, ECF No. 62; (3) Letez Bey's April 12, 2023 motion to dismiss the counts of the Indictment against him, ECF No. 61; (4) Aziz Bey's April 24, 2023 amended motion to dismiss the counts of the Indictment against him, ECF No. 67; and (5) Letez Bey's April 25, 2023 amended motion to dismiss the counts of the Indictment against him, ECF No. 68.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's Report and Recommendation, ECF No. 82, be and the same is hereby **ADOPTED in full**;

**IT IS FURTHER ORDERED** that Defendant Minister Zakar Ali's motion to dismiss the counts of the Indictment against him, ECF No. 56, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Letez Osiris Bey's motion to dismiss the counts of the Indictment against him, ECF No. 61, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Aziz Hassan Bey's motion to dismiss the counts of the Indictment against him, ECF No. 62, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Aziz Hassan Bey's amended motion to dismiss the counts of the Indictment against him, ECF No. 67, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Letez Osiris Bey's amended motion to dismiss the counts of the Indictment against him, ECF No. 68, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Aziz Hassan Bey's motion to withdraw his motion to dismiss and amended motion to dismiss, ECF No. 83, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Letez Osiris Bey's motion to withdraw his motion to dismiss and amended motion to dismiss, ECF No. 85, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant Minister Zakar Ali's motion to withdraw his motion to dismiss, ECF No. 86, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of August, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge